**James Michael McCONNELL and Richard John Baker, Appellants,**

v.

**Morris NOONER, Jr., Individually and as a federal officer, and the Veterans Administration, Appellees.**

**No. 76–1606.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1976.

Decided Dec. 21, 1976.

---

J. Michael McConnell and Richard J. Baker, Minneapolis, Minn., for appellants.

Robert G. Renner, U.S. Atty. and Stephen G. Palmer, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

James Michael McConnell and Richard John Baker appeal from a District Court[1] order dismissing their complaint in which they had sought to compel the Veterans Administration to grant increased educational benefits to Baker on grounds that McConnell was his dependent spouse. We affirm.

In May, 1970, McConnell and Baker applied to the Hennepin County Court Clerk for a license to marry. Their application was denied on the basis that both applicants were of the same sex. Thereafter, the appellants filed a state mandamus action against the Hennepin County Clerk but relief was denied. On appeal, the Minnesota Supreme Court affirmed, holding that Minnesota law prohibits same sex marriages and that such prohibition does not offend the First, Eighth, Ninth or Fourteenth Amendments to the Constitution. *Baker v. Nelson*, 291 Minn. 310, 191 N.W.2d 185 (1971). A direct appeal was taken to the United States Supreme Court and was dismissed for want of a substantial federal question. 409 U.S. 810, 93 S.Ct. 37, 34 L.Ed.2d 65 (1972).

While the appeal to the Minnesota Supreme Court was pending, the appellants obtained a marriage license from the Blue Earth County Court Clerk. They were "married" by a minister on September 3, 1971, prior to the Minnesota Supreme Court's decision in *Baker v. Nelson, supra.* By virtue of his veteran's status, Baker received educational benefits pursuant to 38 U.S.C. § 1682. Sometime between 1971 and 1974, Baker petitioned the Veterans Administration for increased benefits for the period from September 27, 1971, to June 15, 1972, on grounds that McConnell was his dependent spouse during that time. Baker's petition for increased benefits was denied by the Veterans Administration on grounds that McConnell was not the spouse of the veteran Baker. After subsequent administrative appeals were denied, the appellants commenced this action.

38 U.S.C. § 103(c) provides:

(c) In determining whether or not a woman is or was the wife of a veteran, their marriage shall be proven as valid for the purposes of all laws administered by the Veterans' Administration according to the law of the place where the parties resided at the time of the marriage or the law of the place where the parties resided when the right to benefits accrued. Pub.L. 85–857, Sept. 2, 1958, 72 Stat. 1109.

Therefore, the validity of appellants' purported marriage turns largely upon Minnesota law.

The District Court dismissed this action on the basis that *Baker v. Nelson, supra,* was dispositive of the issues raised therein. We agree. The Minnesota Supreme Court explicitly held that *marriages* between persons of the same sex are prohibited and that the applicable Minnesota statute did not offend the First, Eighth, Ninth or Fourteenth Amendments to the Constitution. *Baker v. Nelson, supra,* 191

---

1. The Honorable Earl R. Larson, United States District Judge for the District of Minnesota.

N.W.2d at 186, 187. The appellants were plaintiffs in that state action which settled the issues adversely to their present claim. In addition, the Supreme Court's dismissal of the appeal for want of a substantial federal question constitutes an adjudication of the merits which is binding on the lower federal courts. *See Hicks v. Miranda,* 422 U.S. 332, 343–345, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). The appellants have had their day in court on the issue of their right to marry under Minnesota law and under the United States Constitution. They, therefore, are collaterally estopped from relitigating these issues once more. *See Blonder-Tongue Laboratories, Inc. v. University of Ill. Fdn.,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Gerrard v. Larsen,* 517 F.2d 1127 (8th Cir. 1975).

Furthermore, it is highly doubtful that the federal courts are vested with subject matter jurisdiction over appellants' claim. *See* 38 U.S.C. § 211(a); *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974).

■ Finally, the appellants contend that the District Court abused its discretion in denying the appellants an opportunity to submit a memorandum of law before disposing of this action. Even assuming arguendo that the District Court erred in this regard, the appellants have failed to raise a point of fact or law entitling them to prevail. Therefore, they have made no showing of prejudice. It follows that this contention is without merit.

Affirmed.