# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1781

_____

| | | |
|---|---|---|
| J. Michael McConnell, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: July 7, 2006
Filed: July 17, 2006

_____

Before COLLOTON, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

J. Michael McConnell appeals the district court's[1] dismissal of his complaint seeking a federal tax refund arising from his marital status and seeking a declaration that his 1971 Minnesota same-sex marriage is lawful. For the reasons set forth below, we affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota, now retired.

Assuming that claim preclusion does not bar McConnell's complaint because a new cause of action accrues against the IRS for each tax year, see Comm'r v. Sunnen, 333 U.S. 591, 598 (1948) (each year is origin of new liability and of separate cause of action; judgment on merits is res judicata as to any subsequent proceeding involving same claim and same tax year), we conclude that issue preclusion applies. See Conwed Corp. v. Union Carbide Corp., 443 F.3d 1032, 1038 (8th Cir. 2006) (collateral estoppel applies under Minnesota law if (1) issue was identical to one in prior adjudication, (2) there was final judgment on merits, (3) estopped party was party or in privity with party to prior adjudication, and (4) estopped party was given full and fair opportunity to be heard on adjudicated issue; Minnesota courts do not apply doctrine rigidly, but focus on whether injustice will be worked on party against whom estoppel is urged); Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs, 440 F.3d 1038, 1044 (8th Cir. 2006) (applying same rule when considering preclusive effect of prior federal court litigation); United States v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999) (this court may affirm judgment on any ground supported by record, even if not relied on by district court).

Notwithstanding McConnell's arguments to the contrary, the issue in this case is the same one that McConnell previously litigated in Baker v. Nelson, 191 N.W.2d 185, 185-87 (Minn. 1971) (Baker), appeal dismissed, 409 U.S. 810 (1972), and in McConnell v. Nooner, No. 4-75-Civ. 566 (D. Minn. April 20, 1976) (McConnell I), aff'd, 547 F.2d 54, 56 (8th Cir. 1976) (per curiam) (McConnell II), namely whether he has a valid marriage under Minnesota state law and the United States Constitution. In Baker, the Minnesota Supreme Court clearly stated that same-sex marriage is prohibited in Minnesota and that this prohibition does not offend the United States Constitution. See Baker, 191 N.W.2d at 185-86; see also W. Forms, Inc. v. Pickell, 308 F.3d 930, 933 (8th Cir. 2002) (state supreme court determines issues of state law, and federal courts are bound by determination). The United States Supreme Court upheld that decision on appeal by dismissing the appeal for want of a substantial federal question. Baker v. Nelson, 409 U.S. 810 (1972); see Hicks v. Miranda, 422

U.S. 332, 343-345 (1975) (dismissal of appeal for want of substantial federal question constitutes adjudication of merits which is binding on lower federal courts). Similarly, the district court in McConnell I rejected the contention that McConnell had a valid marriage, and this court held that he was precluded from relitigating an issue that had been decided in Baker, see McConnell II, 547 F.2d at 55-56.

Here, the IRS denied McConnell the refund based on its determination that he was not validly married. See 26 U.S.C. § 6013(a) ("husband and wife may make a single return jointly of income taxes"); 26 U.S.C. § 7703(a)(1) (individual's marital status is determined as of end of taxable year); Boyter v. Comm'r, 668 F.2d 1382, 1385 (4th Cir. 1981) ("[U]nder the Internal Revenue Code a federal court is bound by state law rather than federal law when attempting to construe marital status."). Because McConnell is precluded from relitigating that issue, his claim against the IRS fails.

Accordingly, we affirm the judgment of the district court. We also deny all pending motions.

_____